**IN THE UNITED STATES DISTRICT COURT** FILED
**FOR THE DISTRICT OF NEW MEXICO**

05 JUN -3 PM 4: 00

**YVETTE HOBBS,**

CLERK-ALBUQUERQUE

**Plaintiff,**

**vs.**                                                    **No. CIV 05-237 MCA/RLP**

**BOARD OF COUNTY COMMISSIONERS
COUNTY OF GRANT, NEW MEXICO,
LOUIS TAVIZON, and
STEVE REESE,**

**Defendants.**

# PLAINTIFF'S RESPONSE TO DEFENDANT TAVIZON'S MOTION TO STAY DISCOVERY

Plaintiff Yvette Hobbs, by and through her attorney of record Mark D. Jarmie LLC, hereby requests that this honorable Court deny defendant Tavizon's motion to stay discovery in this matter. For her Response to defendant's motion, Plaintiff states as follows.

## I.     *Introduction and Background*

Insofar as Defendant Tavizon's "Background" section of his Motion asserts facts which are unsupported in the record or affirmed by any pleading or affidavit, Plaintiff denies the same and urges this Court to disregard them in their entirety.

Plaintiff Yvette Hobbs filed the present action on March 2, 2005, alleging that defendant Tavizon raped and sexually harassed her during their respective employments with the Grant Count Detention Center.   Prior to filing Ms. Hobbs' complaint, undersigned counsel conducted an investigation of her allegations.   During that investigation, Plaintiff's counsel found a number of women, including female inmates, who were either raped, coerced into having sexual relations with defendant Tavizon or had personal knowledge of the occurrence of these instances.   Several of these women have filed suit based upon the conduct of defendant Tavizon, in a suit styled *Hernandez et*

*al. v. County of Grant et al.*, CIV 05-397 DJS/LFG. As the particular facts of each plaintiffs' case overlap the other plaintiffs' cases in many ways, each of these women are listed as witnesses for the other. This was foreseeable, as defendant Tavizon's conduct with respect to the Plaintiff in this case, the Plaintiffs in the *Hernandez* case, and other women stems from a pattern of abuse, rape, domination and harassment which he repeatedly displayed in the small confines of the Grant County Detention Center and elsewhere.

Undersigned counsel has no personal knowledge of whether the Grant County District Attorney's Office, or any other prosecuting authority, is considering bringing criminal charges against defendant Tavizon for his conduct during his employment with GCDC. However, on information and belief, as of this date, no indictment has been presented against defendant Tavizon, and he currently faces no filed criminal charges for this conduct.[1]

Undersigned counsel is not affiliated with the DA's office in Grant County, and, with the exception of the conversation with Assistant District Attorney Esteves set forth in his affidavit (see footnote 1 below), has not had further conversations with her. He has supplied no information to Ms Esteves and does not work as her agent.

The language cited by Tavizon's counsel in the proposed Confidentiality Order submitted by undersigned counsel reads as follows: "Nothing in this Order shall prevent a Party from disclosing any material, including materials marked 'Confidential' to any law enforcement agency." Mr.

---

[1] In an attempt to discern facts regarding the Plaintiff's complaint, undersigned counsel spoke with the Grant County District Attorney Francesca Esteves. Undersigned counsel explained that he was investigating a potential civil case against Grant County, and corrected Ms. Esteves' misimpression that his investigator was working for Grant County, but rather was working on a case *against* Grant County. *See Affidavit of Mark D. Jarmie* appended hereto. Undersigned counsel inquired if there were criminal charges pending or contemplated against Mr. Tavizon, and was told that the District Attorney's investigative file had been closed. *Id.* Undersigned counsel's conversation predated that of Ms. Martinez' with ADA Esteves, and potentially, Ms. Esteves' position regarding the potential for prosecuting this case has changed.

---

Tavizon's counsel seeks to preclude Ms. Hobbs from providing any information which she receives as a result of this lawsuit to law enforcement. No agreement has been reached between the parties regarding the language of any proposed confidentiality agreement.[2]    While the issue of a confidentiality agreement is not before the Court at this time, Plaintiff's position with respect to this language is that she should have the right to provide information to law enforcement, if requested to do so by any appropriate official interested in the matters asserted in the public record, and by Ms. Hobbs personally to Ms. Estevez long before she filed this lawsuit.

Defendant Tavizon's request that this Court stay discovery in this civil proceeding until the Grant County District Attorney makes a decision whether or not to prosecute defendant is wholly inappropriate. Up until this point, discovery matters had proceeded through the pretrial conference and Tavizon's partial compliance with Fed. R. Civ. P. 26, but now defendant Tavizon is attempting to completely derail the discovery process based only on the possible threat of criminal prosecution. This mere possibility is not enough to justify asking this Court to delay discovery and otherwise impede judicial efficiency, especially when balanced against the needs of all parties, the Court, and the public in expediting this process. As such, Plaintiff Yvette Hobbs requests that this honorable Court deny defendant Tavizon's Motion To Stay Discovery.

## II.    *Argument and Authorities*

As defendant Tavizon correctly points out, the Constitution does not require that civil proceedings be stalled while the outcome of a related criminal proceeding is still pending. *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). Put another way, there is

---

[2] As opposed to Defendant Tavizon's counsel who has refused to provide any documents in Tavizon's possession until a confidentiality order containing the precise language on which Tavizon insists is entered by the Court, Plaintiff's counsel has provided both her complete personnel file and her complete medical records absent any confidentiality order.

no absolute constitutional right to a stay. *Id.* The staying of civil proceedings is discretionary, and must be done so only when justice requires. *Securities & Exchange Comm'n v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C. Cir.), *cert. denied*, 449 U.S. 993 (1980). The case for staying civil proceedings is "a far weaker one" when "no indictment has been returned[, and] no Fifth Amendment privilege is threatened." *Molinaro*, 889 F.2d at 903 (quoting *Dresser Indus.*, 628 F.2d at 1376). The *Molinaro* court identified a series of factors that courts should consider in weighing whether or not to stay civil proceedings during the pendency of criminal proceedings, including the interest of the plaintiff in proceeding expeditiously with the litigation, the potential prejudice to plaintiffs of a delay, the convenience of the court in the management of its cases, the efficient use of judicial resources and the interest of the public in the pending civil and criminal litigation. *Id.*

Defendant Tavizon's reliance on *Molinaro* as support for a stay of discovery is misplaced, as the facts and the ruling of that case severely undercut his position. In *Molinaro*, the court found that the possibility that criminal indictments would be brought against the defendant "may have made responding to civil charges more difficult for him," but ultimately, a stay of civil proceedings was not appropriate. *Molinaro*, 889 F.2d at 903. No related criminal indictments were pending against Molinaro at the time of the trial court's ruling on his request for a stay of civil proceedings, and the Court determined that defendant had no genuine and concrete Fifth Amendment concern. In this case, no criminal charges have been made by law enforcement and no indictment has been returned against defendant Tavizon. At most, defendant has shown only that the *possibility* of a criminal indictment against him exists. As in *Molinaro*, that possibility may make responding to Ms. Hobbs' claims more difficult for him, but ultimately, he is not presently facing a criminal charge for which he would need to take the Fifth Amendment. As such, his case for a stay of discovery in this matter is very weak indeed.

Even setting these facts aside. a balancing of the *Molinaro* factors identified by defendant Tavizon clearly weigh against a stay of discovery in this matter. First and foremost, Plaintiff Yvette Hobbs has a substantial interest in proceeding expeditiously with this litigation and would be prejudiced by delay. Specifically, any undue delay in these proceedings costs Ms. Hobbs' the time and money involved in litigating a case such as hers. and additionally, delay prolongs the anguish and anxiety of dealing with such litigation.

Defendant would have this Court believe that Ms. Hobbs' interest in progressing through this litigation quickly is diminished by the fact that she waited nearly a year before filing suit for the defendant's actions. Tavizon's argument is misleading. Tavizon fails to point out that timely filed an EEOC charge of discrimination, the resolution of which was necessary prior to the filing of a civil complaint. For Tavizon to blithely state that Plaintiff ignored the case for a year and apparently didn't care about the incidents alleged is simply false. As Tavizon is well aware, in addition to going to law enforcement and to the EEOC, Plaintiff faced personal challenges regarding Tavizon's rape and harassment of her. As Tavizon knows, Plaintiff sought both mental health and medical treatment as part of attempting to recover from his brutal treatment of her. For him to assert that Ms. Hobbs would not be prejudiced from further delay, and to imply that she was dilatory in bringing her lawsuit is a grotesque distortion of the facts..

As noted above. defendant Tavizon does not presently. face any indictment or criminal charges stemming from the incidents for which Yvette Hobbs has filed suit. As such, any burden imposed by his participation in discovery is severely diminished. In support of the argument that discovery in this civil matter would in fact burden Tavizon, defendant's counsel points to the contact between the undersigned counsel and the Grant County District Attorney's Office. From this contact, defense counsel divines the existence of some sort of clandestine information-sharing

network, speculating that Ms. Hobbs' counsel would feed information to the DA. This raw speculation, evinced by nothing more than defense counsel's own affidavit, is without merit. Defendant Tavizon faces no charges at this time, and may never face charges for his conduct. Participation in civil discovery will not unduly burden him. Such burdens as he and his counsel face can be completely vitiated by assertion of his Fifth Amendment privilege at appropriate times during discovery.

Defendant Tavizon would also have this Court believe that it would not be inconvenienced, nor would judicial efficiency be compromised, by a stay of discovery in this matter. That assertion is wholly illogical. Any delay in a case that has been properly filed in court is inherently inefficient. In fact, the Initial Pretrial Report has been filed, and the Rule 16 Scheduling Conference has already occurred, and but for the delays imposed by Defendant Tavizon, this case would be progressing in discovery.[3] Given the complexities of case management, undue delays in this case and the companion case of *Hernandez et al. v. Count of Grant et al.*, CIV 05-397 DJS/LFG, will inevitably affect the manner in which other cases, competing for the use of judicial time and resources, proceed. Defendant's attempts to hold off discovery[4] in this case amount to an inefficient use of judicial resources. This Court should not countenance Tavizon's gamesmanship in discovery and initial disclosures and should deny his request for a stay of discovery .

---

[3] It should be noted that Defendant Tavizon has successfully made discovery a one way street in this litigation. He has propounded interrogatories and requests for production, issued subpoenae to third parties, and scheduled and later vacated the deposition of the Plaintiff. However, he now seeks to stay any discovery which relates to him, and has refused to produce documents in his possession until a confidentiality order to his satisfaction has been entered by the court.

[4]Defendant Tavizon has also stalled discovery in this matter by filing two Fed.R.Civ.P. 12 motions and refusing to file an Answer to Plaintiff's Complaint. *See* Plaintiff's Reply to Defendant Tavizon's Response to Plaintiff's Motion for Entry of Default Judgment Against Defendant Tavizon.

While the remaining defendants in this case may not oppose this motion, there are persons not parties to this civil litigation that nevertheless have an interest in its outcome. Defendant calls attention to his wife and children, claiming that participation in civil discovery may have some sort of adverse affect on them, including the possibility of monetary loss.[5] Their purported concern must be balanced by the effect of this matter on Yvette Hobbs' husband and children. Ms. Hobbs faced a great deal of difficulty in revealing the rape and harassment for which she is suing to her husband, and later, to her children. They too must deal with the aftermath of these incidents and the demands of the ensuing litigation stemming from defendant Tavizon's conduct. The bottom line is that Ms. Hobbs and her family have already suffered because of these incidents, and they are also putting their limited financial resources at risk to fund this case. Thus, Ms. Hobbs' family, though not parties to the litigation itself, have a substantial interest in seeing this matter resolved in the most expeditious way possible.

Finally, defendant Tavizon claims that the public has no interest whatsoever in the resolution of any civil or criminal matters involving defendant Tavizon. As with his other arguments for a stay of discovery, this assertion is inherently flawed. It is presumed that the public has an interest in the prompt resolution of civil cases. *Microfinancial, Inc., Et Al. v. Premier Holidays Int'l Inc., Et Al.,* 385 F.3d 72, 79 n.4 (1st Cir. 2004) (stay was not granted where defendants offered nothing to offset that presumption); *Keating v. Office of Thrift Supervision,* 45 F.3d 322, 325 (9th Cir. 1995) (record supported conclusion that any burden on defendant in participating in administrative proceeding and criminal proceeding concurrently was far outweighed by the public interest in a speedy resolution

---

[5] Defendant Tavizon has not to date provided evidence of insurance coverage as required by Fed. R. Civ. P. 26 (a)(1)(D), so the real impact of a potential judgment on the Tavizon family cannot be realistically gauged. In any event, were the potential for monetary loss to be considered as a justification for staying discovery, no civil case could be successfully prosecuted.

of the case). Moreover, the public has a concern separate from that of a speedy resolution of this case. Defendant Tavizon was a public employee of a prison operated by taxpayer money. That prison was operated by defendant Grant County, a public entity. Tavizon's other fellow defendant, Steve Reese, is also a public employee of this entity. These employees must be held accountable to the public for which they operate, and it is in the public interest to root out employees that may be harming or causing harm within a public entity. Allowing discovery to proceed will help illuminate whether or not the allegations set forth in this case and the companion *Hernandez* case are indeed true, and if so, it will allow for a speedier resolution of the case, which is in the public's best interest. Therefore, the public has a substantial interest in the expedience of this case's discovery process, and to that end, defendant Tavizon's Motion To Stay Discovery must be denied.

### III.    Conclusion

Defendant Tavizon is in no way entitled to a stay of civil discovery in this matter. No indictment or criminal charges have been filed against him at the present time, thus he has nothing real to fear in terms of his Fifth Amendment privilege. The mere possibility of future criminal charges against him is not enough to warrant an indefinite stay of discovery in this matter, and can easily be handled by assertion of the Fifth Amendment privilege at appropriate points in the discovery process. Further, the *Molinaro* factors outlined above weigh heavily against allowing a stay of discovery. Plaintiff Yvette Hobbs will be severely prejudiced and unduly burdened by allowing discovery to stall based merely on the spectre of defendant Tavizon's criminal prosecution. Any delay in these matters, which have already been properly initiated and have been allowed to proceed through the pretrial report, initial disclosures, and the Rule 16 conference, will complicate this Court's caseload management and amount to an undue depletion of judicial efficiency. Not only would a delay burden Ms. Hobbs, it would also add to the anxieties that her family must deal with

during these proceedings. Additionally, the public interest in the resolution of these matters is very high indeed. All of these factors doubly weigh against a stay of discovery in light of the fact that the defendant faces no actual criminal prosecution at this time.

WHEREFORE, Plaintiff Yvette Hobbs requests this honorable Court to deny defendant Tavizon's Motion to Stay Discovery, and to allow this litigation to proceed in due course.

Respectfully submitted,

Mark D. Jarmie
Mark D. Jarmie, LLC
P.O. Box 26416
Albuquerque, N.M. 87125-6416
505-243-6727
Telefax:      505-243-6735

I hereby certify that a true and correct copy of the foregoing pleading was mailed this 3 day of June, 2005 to:

Matthew P. Holt
P.O. Box 2699
Las Cruces, N.M. 88004-2699

William D. Slease
Jonlyn M. Martinez
Slease & Martinez
P.O. Box 1805
Albuquerque, N.M. 87103-1805

Mark D. Jarmie
Mark D. Jarmie, LLC

## AFFIDAVIT

COMES NOW Mark D. Jarmie, who being of lawful age deposes and states as follows:

1.      My name is Mark Jarmie. I am the attorney for Plaintiff Yvette Hobbs in a case encaptioned *Hobbs v. Board of County Commissioners for the County of Grant, New Mexico, et al.*

2.      On January 21, 2005, I spoke with Assistant District Attorney Estevez regarding the allegations made by Yvette Hobbs that underlie this lawsuit. Ms. Estevez was familiar with the allegations Ms. Hobbs had made.

3.      Ms. Estevez informed me that her criminal investigation of Ms. Hobbs' allegations was closed.

4.      Ms. Estevez told me that my investigator had told her that he was working on a case for Grant County. I informed her that he was investigating a case *against* Grant County. In any event, I am informed that Ms. Estevez did not provide my investigator any information regarding the case.

5.      I have not provided Ms. Estevez with any documents which I have received during my investigation of this case.

FURTHER AFFIANT SAYETH NAUGHT.

_M_ _Jarmie_

MARK D. JARMIE

I certify that this affidavit was signed on June 3, 2005 by Mark D. Jarmie who is personally known to me.

_Kelly D. Farias_

Notary Public



OFFICIAL SEAL
Kelly D. Farias
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: 11-15-08