IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**YVETTE HOBBS,**

      **Plaintiff,**

vs.                                                           **No. Civ. 05-237 MCA/RLP**

**BOARD OF COUNTY COMMISSIONS**
**COUNTY OF GRANT, NEW MEXICO,**
**LOUIS TRAVIZON, and**
**STEVE REES,**

      **Defendants**.

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT TAVIZON'S MOTION FOR STAY OF DISCOVERY**
**[Doc. No. 26)**
**and**
**DENYING DEFENDANT TAVIZON'S MOTION TO PROHIBIT PLAINTIFF FROM**
**PROVIDING INFORMATION TO LAW ENFORCEMENT**
**(Doc. No. 35).**

      This matter comes before the court on the Motion of Defendant Louis Tavizon ["Defendant Tavizon" herein] to Stay Discovery until such time as the Grant County District Attorney determines whether criminal charges will be brought against him regarding allegations made by Plaintiff Yvette Hobbs and/or Plaintiffs in <u>Hernandez et al, v. County of Grant</u>, <u>et al.</u>, Civ. 05-397 DJS/LFG. [Docket No. 26].[1] Defendant Tavison contends that if he responds to discovery in this civil suit, he risks self-incrimination because the Plaintiff will provide that information to the Grant County District Attorney. Alternatively, he contends that he will be prejudiced if he is required to assert his Fifth Amendment right against self incrimination in this suit, because his silence will be used to establish

---

[1] In a recently filed affidavit, Defendant's counsel indicates that the District Attorney for Grant County has advised that the District Attorney's Office is awaiting the outcome of the suit and of Civ 05-397 DJS/LFG, and does not plan to institute criminal proceedings prior to that time. [Docket No.42. Exhibit 1, ¶6].

his civil liability.

For the reasons stated below, Defendant Tavizon's Motion to Stay Discovery is **DENIED**. Defendant Tavizon may move for a protective order that his deposition and other discovery responses be sealed and prohibited from use for any purpose outside the civil proceeding except for perjury or impeachment.

The power of a court to "stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket." Landis v. North Am. Co., 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). In re CFS-Related Securities Fraud Litigation, 256 F. Supp. 2d, 1227, 1236 (S. D. N. Y. 2002).( The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings.  Granting of a stay is within the sound discretion of the court. ). "Although postponement might be appropriate in a particular instance ... the law does not require postponement of civil discovery until fear of criminal prosecution is gone. The propriety of postponement is a matter for the exercise of the trial court's discretion." Mid-America's Process Serv. v. Ellison, 767 F.2d 684, 687 (10th Cir.1985).  A total stay discovery in a  civil case pending  the outcome of a related criminal discovery  is an extraordinary remedy,  In re Par Pharmaceutical, 133 F.R.D. 12, 13 (S.D. N Y. 1990), and is only one of several procedures available.  Alternate options  include the imposition of protective orders, sealed interrogatories, a stay for a finite period of time, or a stay limited to a specific subject matter.  See Digital Equip. Corp. v. Currie Enterprises Inc., 142 F.R.D. 8, 12 (D. Mass. 1991). (citing United States v. Parcels of Land, 903 F.2d 36, 44 (1st Cir.1990) (protective order prohibiting use of forfeiture claimant's deposition transcripts and interrogatories except for perjury and impeachment)).

The following criteria are used in determining whether a stay should be granted:

(1) The extent to which issues in the criminal case overlap with those presented in the civil case;

(2) The status of the case, including whether the defendant has been indicted;

(3) The private interests of the plaintiff in proceeding expeditiously versus the prejudice to plaintiff caused by the delay;

(4) The private interests of, and burden on, the defendant;

(5) The interests of the Court; and

(6) The public's interest.

In re CFS-Related Securities Fraud Litigation, 246 F. Supp. 2d at 1236-1237.

    1.    Overlap of Issues in Criminal and Civil Cases

There is no pending criminal case, and Defendant has been advised by the Grant County District Attorney that no criminal case will be filed until after the outcome in this case and Civ. 05-397 DJS/LFG is known. [Affidavit of Jonlyn Martinez, (Docket No. 42, Exhibit 1, ¶6] . Plaintiff alleges in part that she was assaulted, battered and raped by Defendant [Complaint, ¶¶ 13-16, 23, 56-60, 61-65]. Accordingly, the precise overlap of the issues between this civil case and some future criminal case may be suspected, but is unknown.

    2.    Status of the Criminal Case

The criminal case is not being actively pursued by the Grant County District Attorney. [Affidavit of Jonlyn Martinez, (Docket No. 42, Exhibit 1, ¶6]. "[T]he strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter." Volmar Distribs., Inc. v. New York Post Co., 152 F.R.D. 36, 39 (S.D.N.Y.1993). See also SEC v. Dresser Indus., Inc., 628 F.2d 1368, 1375 (D.C.Cir.1980) (en banc ). "The likelihood that a defendant may make incriminating statements is greatest after an indictment has issued...."

Trustees of the Plumbers And Pipefitters National Pension Fund v. Transworld Mech., Inc., 886 F.Supp. 1134, 1139 (S.D. N.Y. 1995).

    3.    Interests of the Plaintiff

The Plaintiff has an interest in proceeding expeditiously in this suit.

    4.    Interests of the Defendant

Defendant Tavizon argues that if he invokes the Fifth Amendment privilege, the negative inferences could severely damage his defense in the civil suit, and that if he provides substantive testimony in deposition or in written discovery he runs the risk of self-incrimination. This dilemma was addressed in In re CFS-Related Securities Fraud Litigation, 256 F.Supp.2d at 1240:

> Some courts have supported [Defendant's] suggested solution to his Hobbesian dilemma. The Transworld Mech., Inc. Court noted that the "defendants' interests in avoiding the quandary of choosing between waiving their Fifth Amendment rights or effectively forfeiting the civil case" trumped the plaintiffs' interests in the expeditious resolution of their case. The Court further found that the defendants' interests outweighed judicial efficiency in this circumstance. See Transworld Mech., Inc., 886 F.Supp. at 1139-40. See also Dienstag, 49 F.R.D. at 329.
>
> Other courts have noted a variety of procedures that can be utilized to lessen the detriment to a defendant facing such a quandary. Less drastic methods in lieu of a stay include sealing answers to interrogatories, sealing answers to depositions, imposing protective orders, imposing a stay for a finite period of time, limiting a stay to a particular subject, or limiting disclosure only to counsel. [footnote omitted] See Digital Equip. Corp., 142 F.R.D. at 12-13 (citing SEC v. Dresser Indus., 628 F.2d 1368, 1375 (D.C.Cir.1980) (court may impose protective orders or postpone civil discovery in the interests of justice); United States v. Parcels of Land, 903 F.2d 36, 44 (1st Cir.1990) (protective order prohibiting use of forfeiture claimant's deposition transcripts and interrogatories except for perjury and impeachment)). See also Mid-America's Process Serv. v. Ellison, 767 F.2d 684, 687 (10th Cir.1985) (denying a stay and noting that "[a]lthough postponement might be appropriate in a particular instance, we believe that the law does not require postponement of civil discovery until fear of criminal prosecution is gone. The propriety of postponement is a matter for the exercise of the trial court's discretion."); Am. Multi-Cinema, Inc. v. Jones, 1989 WL 32211, at *1 (D.Kan. Mar.30, 1989) (denying defendant's motion to stay).

5.	Interests of the Court

This court has a strong interest in keeping litigation moving to conclusion without unnecessary delay.

6.	Interest of the Public

"The public has an interest in both the prompt resolution of civil cases as well as the prosecution of criminal cases." See Digital Equip. Corp., 142 F.R.D. at 14.

Having balanced the equities at issue, I find that a stay of discovery is not required to adequately protect Defendant Tavizon's interests. Therefore, Defendant Tavison's Motion for Stay of Discovery is **DENIED**.

Defendant Tavison has filed what is in effect a motion for Protective Order [Doc. No. 35], in which he asks this court to "order that the Plaintiff [not] provide any law enforcement agency with any information obtained from any of the Defendants or through discovery in this matter."[2] Plaintiff opposes the Motion, representing that her counsel has not provided information to the Grant County District Attorney, but that she should not be prevented from fully cooperating with any interested law enforcement agencies in the future, if requested to do so.

Defendant Tavison's Motion is written too broadly. He seeks to speak for other defendants who have not chosen to join in his Motion. He also seeks to muzzle Plaintiff on issues which may not implicate his right against self-incrimination. The court is not presented with a situation where the government has instituted a civil action in order to generate discovery for a criminal case. Plaintiff, an individual, seeks civil remedies on numerous grounds, some of which allegedly involve

---

[2]The court urges counsel for Defendant in future to read his/her submissions before filing them , noting that the introductory paragraph of the Motion to Prohibit Plaintiff from Providing Information to Law Enforcement  requests  that the court enter a stay of proceedings.

criminal conduct by Defendant Tavison.  That a prosecutorial branch of State Government might be interested in the outcome of the civil suit does not trump  Plaintiff's entitlement  to have her day in court, and or to pr  epare for that day in court.

The court **DENIES** Defendant Tavison's Motion  to Prohibit Plaintiff from Providing Law Enforcement with Information Obtained Through Discovery.  As previously stated, Defendant may move for an Order directing that his deposition and other discovery responses he provides be sealed and not used for any purpose outside the civil proceeding except for perjury or impeachment.

**IT IS SO ORDERED.**

RICHARD L. PUGLISI
United States Magistrate Judge