IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

YVETTE HOBBS,

      Plaintiff,

SANDRA HERNANDEZ, DESIREE            No. CIV 05-237 MCA/RLP
REYES, LETICIA RODRIGUEZ
and LIZA VILLALBA,

      Plaintiffs,                              Consolidated for Pre-Trial
                                                                     Purposes with

vs.

BOARD of COUNTY COMMISSIONERS        No. CIV 05cv 397 DJS/LFG
of GRANT COUNTY, NEW MEXICO,
LOUIS TAVISON and STEVE REESE,

      Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART & DENYING IN PART
DEFENDANT TAVIZON'S MOTION TO COMPEL DISCOVERY**

This matter comes before the court on Defendant Tavizon's Motion to Compel Discovery [Docket No. 49, filed in No Civ. 05-237]. At issue are the Responses to three Interrogatories propounded by Defendant Tavison to Plaintiff. After reviewing the submissions of the parties, the applicable law, and being otherwise fully advised in the premises, I find that Defendant Tavison's Motion should be granted in part and denied in part. Further, the Court *sua sponte* issues a protective Order related to Plaintiff's past sexual conduct, as described herein.

*Discussion*

**1.**     **Relevant facts**.

Plaintiff filed this action on March 2, 2005, alleging nine causes of action, including violations of Title VII, 42 U.S.C. §2000e et seq., 42, U.S.C. §1983, the Fourth, Fourteenth and First

Amendments, assault, battery, negligent hiring, supervision and retention, wrongful termination, deprivation of rights privileges and immunities under the U.S. and New Mexico Constitutions, and violation of the New Mexico Tort Claims Act. [Docket No. 1].

As of this date, Defendant Tavison has not answered the Complaint. An Answer was filed on behalf of his co-defendants, who are not party to this Motion, on April 1, 2005. [Docket No. 8].

**2.     Scope of discovery.**

Pursuant to Fed.R.Civ.P. 26(b)(1):

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, ... The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings. Relevancy, for purposes of discovery, has been defined by the United States Supreme Court as encompassing "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). Discovery requests should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action. *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991).

**3.     Interrogatories at issue.**

**Interrogatory No. 13** asks Plaintiff to provide her complete physical and mental medical history, providing the dates, conditions treated and provider. Plaintiff objected to the interrogatory as overbroad and not likely to lead to the discovery of admissible evidence, but did provide very

limited information regarding her obstetric history, and stated that she had been treated for a concussion and received stitches.

I find that the interrogatory is overbroad, in that it is unlimited in terms of date. I also find that Plaintiff's response is inadequate. Plaintiff identified some medical care she has received, but gave no dates or provider names. In addition, the list appears to be incomplete as it does not disclose at least two care providers, one of whose records were provided to the court under seal.

Defendant's Motion to Compel a more complete answer to Interrogatory No. 13 is *granted in part and denied in part.* Plaintiff is hereby ordered to supplement her Answer to Interrogatory No. 13, listing by name and address, each physician, psychologist and psychiatrist or other health care professional she has consulted, or from whom she has obtained treatment from August 1995 to the present. She shall also provide the date, as best she can recall, of each treatment or consultation.

**Interrogatory No. 16** asks Plaintiff to describe all physical contact or communication she had with Defendant Tavizon, providing the date, purpose, location, content of communication, describing what took place and identifying all persons present during the contact or communication.

Plaintiff answered the Interrogatory. Her Answer, combined with her Response to this Motion, states that she had constant interaction with Defendant Tavizon over the course of several months, that she is unsure of the dates that all offensive and/or actionable contact/communication occurred, except that all occurred while she was an employee of Grant County Department of Corrections [GCDC], that all contact/communications except for the rape alleged in her Complaint occurred at GCDC, and that certain contact took place in the control room of GCDC. She also referred to her Complaint as a reference for details of contacts/communications with Defendant Tavizon and indicated that details could be explored during her deposition. Reference to a complaint

3

is not a proper answer to an interrogatory. *Continental Illinois National Bank & Trust Company of Chicago v. Caton*, 136 F.R.D. 682, 686 (D. Kan. 1991).

I agree with Plaintiff that Interrogatory No. 16, as written, is overbroad. Plaintiff's Complaint alleges numerous incidents of offensive contact and/or communications. All incidents are alleged to have occurred over a period less than seven months.[1] Plaintiff's complaint alleges that there were witnesses to at least one category of incident. [Docket No.1, ¶24]. To the extent Interrogatory No. 16 seeks information related to allegations of improper contact or harassing communications that are alleged in the Complaint, the Interrogatory is not overbroad, and does seek information that is both relevant and calculated to lead to the discovery of admissible evidence.[2]

Defendant's Motion to Compel a more complete answer to Interrogatory No. 16 is *granted in part and denied in part.* Plaintiff is hereby ordered to supplement her Answer to Interrogatory No. 16. Her answer shall address each contact or communication listed in her Complaint, and shall provide for each, the date the incident occurred. If the precise date is unknown, Plaintiff shall provide an approximate date. Plaintiff shall not be required to provide specific dates for contacts or communications which she contends occurred on a daily basis, other than to state the date or approximate date that the contact or communication was initiated. Plaintiff shall also describe the contact or communication and state what witnesses, if any, were present.

---

[1] Plaintiff states that all incidents occurred while she was employed at GCDC (Docket No. 54 at 6). She started working at GCDC on February 27, 2004. [Complaint, ¶8]. Findings related to her EEOC Complaint, which described some or all of the events complained of in this suit are dated September 29, 2004. [Exhibit A to Complaint].

[2] In his Motion to Compel, Defendant Tavison concedes this is the information he seeks. He states, " . . .Defendant requests that the Court order Plaintiff (to disclose) dates, times, locations and witnesses of each alleged incident involving Defendant Tavison." [Docket No. 49, at 3].

**Interrogatory No. 19** asks Plaintiff to identify by name, address and telephone number all individuals with whom she has had a sexual or intimate relationship in the past seven years, and to state which of those individuals, if any, worked in a law enforcement agency, and to identify the agency.

Plaintiff provided a limited answer to this Interrogatory.[3] Defendant Tavizon contends that he is entitled to determine if the relationship disclosed by Plaintiff is the cause of her alleged emotional distress, or a motive to "scapegoat" Defendant Tavizon in order to hide information from her husband. Plaintiff contends that further inquiry is not likely be lead to the discovery of admissible evidence because: (1) she has not asserted a separate action for intentional infliction of emotional distress and so has not put her emotional condition at issue (2) the information sought is not a relevant to issues of abuse which could constitute a life stressor causing mental and emotional anguish, and (3) the information is not admissible pursuant to Fed.R. Evid. 412(a).

In civil cases, Fed. R. Evidence 412 establishes a presumption of inadmissibility of evidence of the past sexual behavior or alleged sexual predisposition of an alleged victim unless (1) the evidence is otherwise admissible under the Federal Rules of Evidence and (2) its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party. Fed. R. Evid. 412(a) & (b). Rule 412 also delineates a procedural process for determining the admissibility before trial of any evidence covered by the Rule. Fed. R. Evid.412 (c).

There is a tension between the broad rule of discovery under F.R.Civ.P. 26, and the evidentiary protections afforded by Fed. R. Evid. 412. The advisory committee addressed the

---

[3]Plaintiff admitted to a relationship with an unidentified individual, during a time she was separated from her husband. She did not provide names or dates.

5

interplay of these two rules in its notes to the 1994 amendments:

> The procedures set forth in subdivision (c) (of Rule 412) do not apply to discovery of a victim's past sexual conduct or predisposition in civil cases, which will continue to be governed by Fed. R. Civ. P. 26. In order not to undermine the rationale of Rule 412, however, courts should enter appropriate orders pursuant to Fed. R. Civ. P. 26(c) to protect the victim against unwarranted inquiries and to ensure confidentiality. Courts should presumptively issue protective orders barring discovery unless the party seeking discovery makes a showing that the evidence sought to be discovered would be relevant under the facts and theories of the particular case, and cannot be obtained except through discovery.

Fed.R. Evid. 412 advisory committee notes.

Defendant Tavison contends Plaintiff has placed her emotional condition at issue[4], and her marital problems, including her relationship with this undisclosed individual, could be the cause of damages related to emotional distress, and that if this relationship occurred at the same time as the allegations in the complaint Plaintiff may have a motive to fabricate in order to hide this relationship from her husband. [Docket No. 49, p. 3].

The question before the court is whether the information requested in Interrogatory No. 19 "is reasonably calculated to lead to the discovery of admissible evidence in light of the parties' claims and defenses, while remaining mindful of the policy underlying Rule 412 that protects victims of sexual misconduct from undue embarrassment and intrusion into their private affairs." *Sanchez v. Zabihi*, 166 F.R.D. 500, 502 (D. N.M. 1996).

I find that Interrogatory No. 19, though overbroad, should be answered more fully. However, certain safeguards will be imposed in order to protect Plaintiff from undue embarrassment and

---

[4] In ¶ 15, Plaintiff alleges that she was raped by Defendant Tavizon; In ¶40, Plaintiff alleges emotional distress, shock and humiliation caused by sexual harassment and a hostile work environment; in ¶65 Plaintiff alleges physical and mental injury due to battery at the hands of Defendant Tavison. Records provided to the court under seal indicate that Plaintiff is undergoing mental health counseling for issues related to the claims asserted in this law suit.

intrusion into her private affairs. The answer will identify by name, address and telephone number that individual or individuals with whom Plaintiff had a sexual relationship on or after July 1, 2003.

The Interrogatory Answer will be submitted to the attorneys for Defendant Tavizon, William D. Slease, and Jonlyn Martinez, PERSONALLY AND FOR THEIR REVIEW ONLY. Mr. Slease and Ms. Martinez are prohibited from divulging any information contained in Plaintiff's answer to anyone, including their client, without (1) A motion by Defendants and (2) and order from the court. *See Sanchez v. Zabihi*, *supra* at 502-503.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff shall provide a supplemental answer to Interrogatory No 13. Her answer shall list by name and address each physician, psychologist and psychiatrist or other health care professional she has consulted, or from whom she obtained treatment from August 1995 to the present. She shall also provide the date, as best she can recall, of each treatment or consultation.

2. Plaintiff shall provide a supplemental answer to Interrogatory No. 16. Her answer shall address each contact or communication listed in her Complaint, and shall provide for each, the date the incident occurred. If the precise date is unknown, Plaintiff shall provide an approximate date. Plaintiff shall not be required to provide specific dates for contacts or communications which she alleges occurred on a daily basis, other than to state the date or approximate date the contact was initiated. Plaintiff shall also describe the contact or communication and state what witnesses, if any, were present.

3. Plaintiff shall provide a supplemental answer to Interrogatory No. 19 identifying by name, address and phone number any individual or individuals with whom she had a sexual relationship on or after July 1, 2003.

4.	Plaintiff's Supplemental Answer to Interrogatory No. 19 shall be submitted attorneys for Defendant Tavizon, William D. Slease, and Jonlyn Martinez, PERSONALLY AND FOR THEIR REVIEW ONLY.  Mr. Slease and Ms. Martinez are prohibited from divulging any information contained in Plaintiff's answer to anyone, including their client, without a Motion by Defendants and an Order from the court.

5.	Plaintiff shall provide the Supplemental Answers to Interrogatories 13, 16 and 19 within 10 days of the date of this Order.

6.	Nothing in this Order should be construed to pertain to the admissibility of the information requested in Interrogatory No. 19 at trial under Rule 412 of the Federal Rules of Evidence.

_____
Richard L. Puglisi
United States Magistrate Judge