IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**YVETTE HOBBS,**

    **Plaintiff,**

vs.                                    No. CIV 05-237 MCA/RLP

**BOARD of COUNTY COMMISSIONERS**
**of GRANT COUNTY, NEW MEXICO,**
**LOUIS TAVISON and STEVE REESE,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the court on Defendant Tavizon's Motion for More Definite Statement [Docket No. 6] filed March 31, 2005. Defendant contends that the allegations of Counts $X^1$ and $XI^2$ of Plaintiff's Complaint are so vague that he cannot reasonably be required to frame a responsive pleading thereto. Plaintiff contends that her Complaint meets the notice pleading requirements of F.R.Civ.P. 8(a), and that Counts X and XI, when read in conjunction with the factual allegations of her Complaint provide Defendant with sufficient information frame a responsive pleading.

---

[1] Count X is titled *"Deprivation of Rights, Privileges and Immunities Secured by the Constitution of the United States and the State of New Mexico."* In Count X Plaintiff alleges that Defendants deprived her of the right to be free from discrimination in employment, to be protected by due process of law, to be accorded equal protection of the laws, to be secure in her person and to be permitted the enjoyment of the full benefits and enjoyment of life.

[2] Count XI is titled *"New Mexico Tort Claims Act."* In Count XI Plaintiff alleges that Defendants, in the course and scope of their duties as public employees, violated the rights, privileges and immunities secured to her under the constitution and laws of the United States and the State of New Mexico, that they are not immune from suit, and that they are liable under the New Mexico Tort Claims Act, citing to N.M.S.A. § 41-4-4 (2004).

**I.     Legal Standard.**

A party may move for a more definite statement of any pleading that is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e).  Such motions, however, are generally disfavored in light of liberal discovery available under the federal rules and are granted only when a party is unable to determine the issues requiring a response. Resolution Trust Corp. v. Thomas, 837 F.Supp. 354, 355 (D.Kan.1993). A motion for more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission.

When a complaint fails to plead all elements of the cause of action, fails to plead any facts supporting the elements of the cause of action, or states the claim in a vague or ambiguous manner, the court may dismiss the complaint. As an alternative to this harsh remedy, and pursuant to Rule 12(e), the court may order plaintiffs to file a more definite statement, re-pleading their claim in accordance with Fed.R.Civ.P. 8.

**II.    Discussion.**

Defendant Tavizon does not contend that Counts X and XI fail to inform him of the factual basis of Plaintiff's claims.  Rather, he contends that he does not know the statutory basis for the Constitutional violation alleged in Count X, or the specific waiver of immunity provision under the New Mexico Tort Claims Act alleged in Count XI.

To the extent Count X attempts to assert claims directly under the Constitution it would be subject to dismissal.  Section 1983 provides a cause of action against municipalities and municipal employees acting in their official capacities, and the availability of this statutory remedy precludes

direct claims under the Constitution. *Bieneman v. City of Chicago*, 662 F.Supp. 1297, 1299-1300 (N.D.Ill.1987); *Strauss v. City of Chicago*, 614 F.Supp. 9, 10 (N.D.Ill.1984), aff'd, 760 F.2d 765 (7th Cir.1985); *accord Williams v. Bennett*, 689 F.2d 1370, 1390 (11th Cir.1982); *Ward v. Caulk*, 650 F.2d 1144, 1147-48 (9th Cir.1981). Plaintiff may provide a more definite statement, stating the statutory basis for her claim in Count X. If, however, Count X is simply a recapitulation of the claims in Counts I-V, it will be dismissed.

As to Count XI, Defendant correctly points out that there are eight specific waivers of immunity under the New Mexico Tort Claims Act. Plaintiff shall provide a more definite statement setting forth the specific waiver or waivers under which she seeks recovery.

### III. Conclusion.

**IT IS HEREBY ORDERED** that Defendant Tavizon's Motion for More Definite Statement is Granted.

**IT IS FURTHER ORDERED** that Plaintiff shall have ten (10) days from the date of this order to Amend Counts X and XI of her Complaint to adequately state her claim.

_____
Richard L. Puglisi
United States Magistrate Judge