IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**YVETTE HOBBS**,

      Plaintiff,

      vs.                                               No. CIV-05-237 MCA/RLP

**BOARD OF COUNTY COMMISSIONERS
COUNTY OF GRANT, NEW MEXICO,
LOUIS TAVIZON and
STEVE REESE,**

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Defendant Tavizon's Motion to Dismiss Count IX of the Plaintiff's Complaint* [Doc. 7], filed March 31, 2005; *Plaintiff's Motion for Entry of Default Judgment Against Defendant Tavizon* [Doc. 20], filed May 13, 2005; *Defendant Tavizon's Motion to Dismiss Count X of Plaintiff's First Amended Complaint* [Doc. 71], filed September 6, 2005; and *Defendants Grant County and Steve Reese's Consolidated Partial Motion to Dismiss and Memorandum* [Doc. 72], filed September 12, 2005. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court GRANTS *Defendant Tavizon's Motion to Dismiss Count IX of the Plaintiff's Complaint*. The Court DENIES *Plaintiff's Motion for Entry of Default Judgment Against Defendant Tavizon*. The Court GRANTS IN PART and DENIES IN PART *Defendant Tavizon's Motion to Dismiss Count X of Plaintiff's First Amended Complaint*, and GRANTS IN PART and DENIES IN PART *Defendants Grant County and*

*Steve Reese's Consolidated Partial Motion to Dismiss and Memorandum.*

## I. BACKGROUND

The following facts and allegations are taken from Plaintiff Yvette Hobbs's *Complaint for Violation of Civil Rights for Sexual Harassment and the Tort Claims Act* [Doc. 1] and her *First Amended Complaint for Violation of Civil Rights for Sexual Harassment and the Tort Claims Act* [Doc. 69].

On February 27, 2004, Yvette Hobbs began working with the Grant County Detention Center (GCDC) on a part-time basis. Hobbs alleges that in March 2004, her supervisor, Defendant Louis Tavizon, raped her while the two were returning from a trip to the Valencia County Detention Center. Tavizon's sexual harassment and assault allegedly continued until Hobbs, concerned for her own safety and that of her female co-workers and inmates, complained to jail administrator and Defendant Steve Reese. According to Hobbs, Reese, a personal friend of Tavizon, conducted a sham investigation of her complaints and forced her to submit to a polygraph examination. When Hobbs informed the exam administrator that Tavizon had raped her, Reese summarily fired her. After receiving a *Notice of Right to Sue* from the Equal Employment Opportunity Commission, Hobbs filed her initial *Complaint.* [See Doc. 1, Exh. A].

Hobbs's *Complaint*, filed March 2, 2005, asserted claims for the following: Sexual Harassment/Hostile Work Environment (Count I); Sexual Harassment/Retaliation (Count II); Section 1983/Fourteenth Amendment Violations (Count III); Section 1983/Fourth Amendment Violations (Count IV); Section 1983/First Amendment Violations (Count V);

Assault (Count VI); Battery (Count VII); Negligent Hiring, Supervision, and Retention (Count VIII); Wrongful Termination (Count IX); and Deprivation of Rights, Privileges, and Immunities Secured by the Constitutions of the United States and the State of New Mexico (Count X). Count XI was labeled simply "New Mexico Tort Claims Act." [Doc. 1 at 7-15].

On March 31, 2005, Tavizon, pursuant to Fed.R.Civ.P. 12(b)(6), filed *Defendant Tavizon's Motion to Dismiss Count IX of the Plaintiff's Complaint* on the ground that Hobbs's claim for wrongful termination failed because no there exists no waiver of immunity for it. [Doc. 7 at 2-3]. At the same time, Tavizon also filed *Defendant Tavizon's Motion for a More Definite Statement*, in which he asked the Court to direct Hobbs to clarify the bases supporting Counts X and XI.[1] [See generally Doc. 6]. Despite the two motions filed by Tavizon, Hobbs, on May 13, 2005, filed *Plaintiff's Motion for Entry of Default Judgment Against Defendant Tavizon*. [Doc. 20].

On August 24, 2005, Hobbs filed her *First Amended Complaint for Violation of Civil Rights for Sexual Harassment and the Tort Claims Act*. The *First Amended Complaint* is virtually identical to the initial *Complaint* except that in Count X of the *First Amended Complaint*, Hobbs specifically alleges "violations of the civil rights of the Plaintiff guaranteed by the [Fifth] and [Fourteenth] Amendments to the Constitution of the United

---

[1] United States Magistrate Judge Richard L. Puglisi granted the motion for more definite statement by *Memorandum Opinion and Order* filed August 19, 2005. [See Doc. 68]. In that *Memorandum Opinion and Order*, Judge Puglisi, among other things, directed Hobbs to specify the New Mexico Tort Claims Act waiver or waivers under which she seeks recovery in Count XI. [Id. at 3].

3

States of America, rending defendants liable to the Plaintiffs under 42 U.S.C. § 1983."[2] [Doc. 69 at 14, ¶ 75]. Hobbs also alleges in Count X that Defendants "violated . . . the laws of the State of New Mexico, to wit, the substantive due process and equal protection rights afforded to the Plaintiff under the Constitution of New Mexico, N.M. CONST. [A]rt. II, § 18, and the laws of New Mexico." [Id., ¶ 76]. Count XI as amended now specifically references §§ 41-4-4 and 41-4-12 of the New Mexico Tort Claims Act. [Id. at 15-16, ¶¶ 84, 85].

Tavizon now moves to dismiss Count X of the *First Amended Complaint* pursuant to Fed.R.Civ.P. 12(b)(6) on the ground that the claims asserted therein are duplicative of those made in Counts II and III. [See generally Doc. 71]. Defendants Grant County and Steve Reese also move pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss Count X as duplicative of Counts II and III. Grant County and Reese further move for the dismissal of Count IX on the ground that there is no waiver of immunity for a claim of wrongful termination. [See generally Doc. 72].

## II. ANALYSIS

### A. Federal Rule of Civil Procedure 12(b)(6)

The Court will dismiss a cause of action for failure to state a claim only when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Poole v. County of Otero, 271 F.3d 955, 957 (10th

---

[2] Count X of the initial *Complaint* failed to identify a statutory basis for recovery and, instead, purported to state claims arising directly under the Constitutions of the United States and the State of New Mexico. [See Doc. 1 at 14, ¶¶ 73-76].

Cir.2001). Dismissal under Fed.R.Civ.P. 12(b)(6) is appropriate only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. The purpose of Rule 12(b)(6) is to allow defendants to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. Palenske v. Westar Energy, Inc., 2005 WL 2455750 at *1 (D.Kan. 2005). In reviewing the sufficiency of a complaint, the Court presumes that all of the plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff. Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). "[I]f the facts narrated by the plaintiff 'do not at least outline or adumbrate' a viable claim, [her] complaint cannot pass Rule 12(b)(6) muster." Mounkes v. Conklin, 922 F.Supp. 1501, 1506 (D.Kan. 1996) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir.1988).

### B. Wrongful Termination (Count IX)

All Defendants (Tavizon, Reese, and Grant County) have moved to dismiss Count IX on the ground that the New Mexico Tort Claims Act, which applies in this case, does not provide a waiver of immunity for the tort of wrongful termination. [See Doc. 7 at 2-3; Doc. 72 at 2-3]. Defendants cite the Court to Ortega v. Madrid, CIV 00-1414 JP/RLP, wherein then Chief United States District Judge James A. Parker dismissed a similar claim against the New Mexico Attorney General on the ground that the tort of wrongful termination is not among the torts for which the State has waived immunity under the Tort Claims Act. [Doc. 7 at 3; Doc. 72 at 2-3; see also Doc. 19 in CIV 00-1414 JP/RLP]. Hobbs responds that Defendants fail to account for the language of § 41-4-21 of the Tort Claims Act, which she

5

contends "specifically exempts the provisions of the Tort Claims Act from the provisions of law governing the employer-employee relationship." [Doc. 72 at 3; see also Doc. 11 at 2-4].

"A governmental entity and any public employee while acting within the scope of duty are granted immunity from liability for any tort except as waived by Sections 41-4-5 through 41-4-12 NMSA 1978." Rubio By and Through Rubio v. Carlsbad Mun. Sch. Dist., 744 P.2d 919, 921 (N.M.App. 1987). The party seeking to impose liability bears the burden of showing that the complained-of acts fall within a recognized exception to the immunity granted to public officers under the Tort Claims Act. Silva v. Town of Springer, 912 P.2d 304, 311 (N.M.App. 1996) (concluding that wrongful termination did not come within a recognized exception to Tort Claims Act immunity).

As in Rubio, Hobbs asks the Court to find that immunity has been waived not under one of the exceptions specified in §§ 41-4-5 through 41-4-12 but, rather, by virtue of § 41-4-21, which provides that "[t]he provisions of the Tort Claims Act shall not affect the provisions of any personnel act, any rules or regulations issued thereunder or any other provision of law governing the employer-employee relationship." NMSA 1978 § 41-4-21. The Court in Rubio, however, rejected this argument, concluding, among other things, that (1) § 41-4-4(A) clearly states that immunity from liability exists except as waived under §§ 41-4-5 to 41-4-12, from which § 41-4-21 necessarily is excluded; and (2) § 41-4-21 simply does not provide a waiver of immunity. See Rubio, 744 P.2d at 921; see also Pemberton v. Cordova, 734 P.2d 254, 256 (N.M.App. 1987) ("Consent to be sued may not be implied, but must come within one of the exceptions to immunity under the Tort Claims

Act."). In light of the Rubio reasoning, as well as that expressed by Judge Parker in his March 6, 2001 *Memorandum Opinion and Order* in Ortega v. Madrid, I conclude that Hobbs's Count IX must be dismissed for failure to state a claim.

### C. Count X as Duplicative of Counts II and III

Defendants next move to dismiss Count X as purporting to state claims that are duplicative of those contained in Counts II and III. [Doc. 71 at 2; Doc. 72 at 3-4]. Hobbs responds that Count X states original claims inasmuch as it alleges violations of her Fifth Amendment rights, as well as her rights to due process and equal protection of the laws afforded her under Art. II, § 18 of the Constitution of the State of New Mexico. [Doc. 74 at 2-4].

A claim that appears to encompass the other alleged claims may be dismissed as duplicative. Stubbs v. McDonald's Corp., 224 F.R.D. 668, 673-674 (D.Kan. 2004). Additionally, the Court may, on its own initiative and at any time, strike from the pleadings any "redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). In the instant action, to the extent that Count X realleges violations of Hobbs's Fourteenth Amendment rights, I determine that Count X merely repeats the allegations included in Count III. Accordingly, all references in Count X to the Fourteenth Amendment will be stricken. Count X, however, also alleges Fifth Amendment violations, as well as violations of Art. II, § 18 of the Constitution of the State of New Mexico. [See Doc. 69 at 14-15]. I agree with Hobbs that these allegations are not included elsewhere in the *First Amended Complaint*. Accordingly, since these claims do not appear to be duplicative, and

duplicativeness is the sole basis for Defendants' attack on Count X, these allegations will not be stricken.

### D. Motion for Default Judgment

On May 13, 2005, Hobbs moved for the entry of default judgment against Tavizon pursuant to Fed.R.Civ.P. 55(b)(2), arguing that, despite his motions for a more definite statement and to dismiss Count IX, Tavizon "ha[d] refused to answer or otherwise respond to the factual allegations made in Plaintiff's Complaint or to the remaining counts of the Complaint." [Doc. 20 at 2]. Tavizon responded that he had "appeared" for purposes of Rule 55 by filing his motions and preparing both a *Provisional Discovery Plan* and *Initial Pretrial Report*, which were submitted to the Court. [Doc. 28 at 1-2]. Tavizon also argued that, under the express terms of Rule 12, he was not required to file an answer to the *Complaint* until the Court had disposed of his Rule 12 motions. [Id. at 3].

I note that this precise issue was presented in the related case of Hernandez, et al. v. Bd. of County Comm'rs et al., CIV 05-397 DJS/LFG. In Hernandez, United States Magistrate Judge Don J. Svet denied Plaintiffs' motion for entry of default judgment, reasoning that "[t]he majority of courts that have addressed this question have held that a partial motion to dismiss, i.e., a Rule 12(b) motion addressing fewer than all of the plaintiff's claims, extends the time for answering all claims." [Doc. 25, Mem.Op. and Order filed Aug. 2, 2005 in CIV 05-397 DJS/LFG at 3]. Because this reasoning is sound and persuasive, his *Memorandum Opinion and Order* is adopted by reference and incorporated herein. For the same reasons as those relied on by the Magistrate Judge in denying the motion for entry of

default judgment in case no. CIV 05-397 DJS/LFG, *Plaintiff's Motion for Entry of Default Judgment Against Defendant Tavizon* will be denied.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS *Defendant Tavizon's Motion to Dismiss Count IX of the Plaintiff's Complaint*.  The Court DENIES *Plaintiff's Motion for Entry of Default Judgment Against Defendant Tavizon*. Finally the Court GRANTS IN PART and DENIES IN PART *Defendant Tavizon's Motion to Dismiss Count X of Plaintiff's First Amended Complaint* and GRANTS IN PART and DENIES IN PART *Defendants Grant County and Steve Reese's Consolidated Partial Motion to Dismiss and Memorandum*.

**IT IS, THEREFORE, ORDERED** that *Defendant Tavizon's Motion to Dismiss Count IX of the Plaintiff's Complaint* [Doc. 7] is **GRANTED**;

**IT IS FURTHER ORDERED** that *Plaintiff's Motion for Entry of Default Judgment Against Defendant Tavizon* [Doc. 20] is **DENIED**;

**IT IS FURTHER ORDERED** that *Defendant Tavizon's Motion to Dismiss Count X of Plaintiff's First Amended Complaint* [Doc. 71] is **GRANTED IN PART AND DENIED IN PART**, inasmuch as all allegations in Count X to the Fourteenth Amendment are hereby **STRICKEN** as repetitive;

**IT IS FURTHER ORDERED** that *Defendants Grant County and Steve Reese's Consolidated Partial Motion to Dismiss and Memorandum* [Doc. 72] is **GRANTED IN PART AND DENIED IN PART**, inasmuch as Count IX is hereby **DISMISSED**;

**IT IS FURTHER ORDERED** that *Defendants Grant County and Steve Reese's Consolidated Partial Motion to Dismiss and Memorandum* [Doc. 72] is **GRANTED IN PART AND DENIED IN PART**, inasmuch as all allegations in Count X to the Fourteenth Amendment are hereby **STRICKEN** as repetitive.

**SO ORDERED** this 30th day of December, 2005, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge