## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**YVETTE HOBBS,**

**Plaintiff,**

**vs.**                                                    **No. CIV 05-237 MCA/RLP**

**BOARD OF COUNTY COMMISSIONERS**
**COUNTY OF GRANT, NEW MEXICO**
**LOUIS TAVIZON,   and**
**STEVE REESE,**

**Defendants.**

### Memorandum Opinion and Order
### Granting Defendant Tavizon's Second Motion to Compel Discovery [Docket No. 105]
### and
### Denying Defendant Tavizon's Motion to Disqualify Counsel [Docket No. 106]

This matter comes before the court on two related motions filed by Defendant Tavison.

Defendant Tavison served Interrogatories on Plaintiff on January 5, 2005.  Interrogatory No. 21

asked:

> Please state the names, addresses and telephone numbers of all law enforcement
> officers or agencies, including employees or former employees of the State Police,
> Grant County Sheriff's Department, Silver City Police Department, any District
> Attorney's Office, the U.S. Attorney's Office, or the Federal Bureau of Investigation,
> that you or your agents, including you attorney, have communicated with regarding
> your allegations. Please state the following:   (a) the manner in which the
> communication was initiated, (b) the substance of the communication, (c) whether the
> communication was verbal or in writing, (d) the date of the communication, and (e)
> the purpose of the communication.

Plaintiff objected to the Interrogatory on the ground that the requested information was not likely to

lead to the discovery of admissible evidence.  Defendant Tavison filed his Motion to Compel an

answer to Interrogatory No. 21 on February 27, 2005.  On the same day he filed a Motion to

Disqualify Plaintiff's counsel, Mr. Jarmie from acting as counsel for Plaintiff, alleging that Mr. Jarmie

had engaged in deliberate misconduct which rendered him a witness for Defendant. The purported misconduct involves alleged communications Mr. Jarmie had or may have had with law enforcement officers, the details of which Plaintiff seeks in Interrogatory No. 21.  Defendant contends

(1)     That Mr. Jarmie's contacts with and possible influence over law enforcement officials forced  Defendant to invoke his right against self incrimination, refusing to answer questions at his deposition taken September 19, 2005;

(2)     That Defendant is entitled to inform the jury that he invoked his right against self incrimination not because he was afraid of incriminating himself, but because he was afraid of Mr. Jarmie's complaints and possible undue influence with the F.B.I. and United States Attorney's Office.  Defendant contends that this is one of his defenses to the claims against him, and that he can not obtain this information without Mr. Jarmie's testimony.  [Docket No. 106, p. 6-7]

(3)     That Mr. Jarmie is improperly using negative inferences from Plaintiff's invocation of his right against self incrimination in a  pending motion for summary judgment in this civil suit;

(4)     That Mr. Jarmie's contacts with law enforcement officials was done with a purpose of gaining an unfair advantage in this civil action (id., p. 4-5),

(5)     That Defendant must depose Mr. Jarmie, and have him explain his behavior, which will render him a material witness and disqualify him from continuing as Plaintiff's attorney.

The court rejects Defendant Tavizon's assertion that any conduct on the part of Mr. Jarmie forced him to assert his right against self incrimination.  Either Defendant Tavizon's testimony would

tend to incriminate him, or it wouldn't.  The interest of law enforcement officials in his truthful testimony  may affect the repercussions of that testimony, but not its content.

Having elected to invoke his Fifth Amendment right against self incrimination in this civil action,  Defendant Tavizon  must accept the adverse consequences that follow.  *See Wilson v. Olathe Bank*, 1998 WL 184470 at *8  (D. Kan.) (*citing Baxter v. Palmigiano*, 425 U.S. 308 (1976)). "A defendant has the right to invoke the privilege at trial, but if he does, he must accept the adverse inference." *Id.* (*citing Mid-America's Process Serv. v. Ellison*, 767 F.2d 684, 686 (10th Cir.1985)). *Hix Corporation v. National Screen Printing Equipment,* 2000 SW 1026351 (D. Kan.), *Securities and Exchange Commission v. Graystone Nash, Inc.*, 25 F.3d 187 (3rd Cir. 1994).

The extent to which adverse inferences flowing from Defendant Tavison's invoking of his Fifth Amendment right against self incrimination may impact pending summary judgment proceedings is not an issue before this court, but will necessarily be considered by the District Judge deciding that Motion.  Similarly, whether Defendant will be allowed to testify at trial, in an attempt to explain his conduct in invoking his Fifth Amendment right against self incrimination, is also a matter for the District Judge.  See, generally, 10A Fed. Proc., L.Ed, §26.651, "Assertion of Fifth Amendment Privilege."

In his attempt to disqualify Mr. Jarmie,  Defendant Tavizon cites to  the New Mexico Rules of Professional Conduct, NMRA, 16-307, which provides:

Lawyer as Witness

A.     Necessary Witness.  A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

(1)  The testimony relates to an uncontested issue; or

3

(2)  The testimony relates to the nature and value of legal services rendered in the case.

Defendant contends that Mr. Jarmie is an necessary witness to establish his defense.  This "defense" does not relate to the underlying facts of the case, but to the reasons for Defendant's assertion of his Fifth Amendment right against self incrimination.   Defendant's reasons for invoking his Fifth Amendment right is not a "defense" to the claims underlying Plaintiff's suit.  In addition, the fact that Mr. Jarmie contacted law enforcement officials is uncontested.  Therefore, NMRA, 16-307 does not prohibit Mr. Jarmie from proceeding as Plaintiff's counsel.

Almost as an afterthought, Defendant Tavizon in his Reply brief to his Second Motion to Compel asserts that Mr. Jarmie's testimony regarding his contacts with law enforcement officers is relevant to his Counterclaim[1]. [Docket No 111, p. 2].  Ordinarily, arguments raised for the first time in a reply brief will not be considered.  *Sadeghi v. Immigration & Naturalization Service*, 40 F.3d 1139, 1143 (10th Cir.1994). I will, however, consider this argument at the present time.

In  *Shelton v. American Motors Corporation*, 805 F.2d 1323, 1327 (8th Cir. 1987), the court stated:

> . . . [C]ircumstances may arise in which the court should order the taking of opposing counsel's deposition.  But those circumstances should be limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel, (citation omitted) (2) the information is relevant and non-privileged; and (3) the information is crucial to the preparation of the case.

These criteria were adopted in  *Thiessen v. General Electric Capital Corporation*, 267 F.3d 1095, 1112 (10th Cir. 2001).

---

[1]Defendant's Counterclaim seeks damages from Plaintiff for defamation, intentional misrepresentation, intentional infliction of emotional distress and malicious abuse of process.  [Docket No. 96].

4

There are others with knowledge of Mr. Jarmie's contacts with law enforcement officers. In this regard, and to the extent those contacts *may* be relevant to the issues raised in Defendant's Counterclaim, Plaintiff will be required to Answer Interrogatory No. 21, parts (a) - (e). No deposition of Mr. Jarmie will be permitted, and he is not disqualified from continued representation of Plaintiff.

Finally, Defendant Tavizon contends that Mr. Jarmie should be disqualified because his actions were unethical and prejudicial. On the record before me, no such finding can or should be made.[2] The court is persuaded that Mr. Jarmie's contacts with law enforcement officers, as exemplified by correspondence to the Federal Bureau of Investigation [Docket No. 110, Ex. C], was in conformity with ethical principles espoused by the American Bar Association. See ABA Comm. on Ethics and Prof'l Responsibility, Formal Op. 92-363 (1992).

**IT IS THEREFORE ORDERED** that:

Defendant Tavison's Second Motion to Compel Discovery is Granted, and Plaintiff shall answer Interrogatory No. 21; and

Defendant Tavison's Motion to Disqualify is Denied.

Richard L. Puglisi
United States Magistrate Judge

---

[2]Defendant has submitted the affidavit of Hans Voss in support of his contention that Mr. Jarmie's contact with law enforcement officials was to gain an advantage in civil litigation. [Docket No. 106, Ex. C]. This affidavit is replete with inadmissible speculation and hearsay, and will not be considered.